IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF KANSAS

KEVIN D.
LOGGINS, SR.,

                    Petitioner,

          v.                              CASE NO. 10-3060-RDR

KANSAS SUPREME
COURT, et al.,

                    Respondents.

                          **MEMORANDUM AND ORDER**

    This Petition for writ of Mandamus" was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed a Motion to Proceed in forma pauperis, which will be granted base upon the current balance in his inmate account.

    Petitioner asks this court to issue a writ of mandamus to the Kansas Supreme Court, the Kansas Court of Appeals, and the District Court of Sedgwick County requiring those courts to "comply with Constitutional law and United States Supreme Court precedent" with regard to their prior rulings on claims he raised before those courts challenging his state court convictions. In support, he alleges as follows.

    Mr. Loggins was convicted in state court of multiple crimes, and was sentenced on two of the offenses, Aggravated Kidnaping and Aggravated Sexual Battery, on April 18, 1996, to consecutive terms of 386 months 34 months, respectively. In 2004 or 2005, he filed a motion pursuant to K.S.A. 60-1507 in state district court raising numerous issues, including an attack upon these two convictions as

multiplicitous[1]. The trial court denied relief, and the KCOA affirmed, based upon <u>State v. Schoonover</u>, 281 Kan. 453, 133 P.3d 481 (2006). Petitioner contended that these two convictions were multiplicitous because they arose out of the same act of violence. He claims the county court and the KCOA denied his claim based upon a 1998 amendment to K.S.A. 21-3107 (the state's multiciplicity statute), which the State Supreme Court had ruled was not to be applied retroactively.

The court finds that Mr. Loggins is challenging his 1996 state court convictions of Aggravated Kidnaping and Aggravated Sexual Battery. Such challenges are not properly brought in a petition for writ of mandamus[2]. <u>See</u> <u>Hilliard v. District Court of Comanche County</u>, 100 Fed.Appx. 816, 820 (10th Cir. 2004)(J. Murphy dissenting in part). Instead, the proper way to seek review in federal court of challenges to state court convictions is by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

The court further finds that this petition is an improper attempt to file a second and successive habeas petition. <u>See</u> <u>Gray v. Mullin</u>, 171 Fed.Appx. 741, 743, 745 FN1 (10th Cir. 2006). The

---

[1] Petitioner cites <u>Schoonover</u> as holding that the single act of violence/merger analysis will no longer be applied to analyze double jeopardy or multiplicity issues. He claims it violated "the due process requirement of fair notice to retroactively apply such an expansive judicial construction" in upholding his convictions, citing <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 362 (1964). He further claims that this judicial construction was "unforeseeable", citing <u>Hawkins v. Mullin</u>, 291 F.3d 658, 663 (10th Cir. 2002).

[2] Under 28 U.S.C. § 1651, a United States District Court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." <u>Id</u>. This court's mandamus power does not extend to state court officials. Thus, this federal court has no authority to "direct state courts or their judicial officers in the performance of their duties." <u>Van Sickle v. Holloway</u>, 791 F.2d 1431, 1436, FN5 (10th Cir. 1986)(quoting <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384, 1386 (6th Cir.1970); <u>White v. Ward</u>, 145 F.3d 1139, 1140 (10th Cir. 1998).

2

court takes judicial notice of Loggins v. Hannigan, Case No. 99-3102-DES. In that prior § 2254 habeas corpus petition filed by Mr. Loggins in 1999, he challenged his convictions in Case No. 95-CR-1859, which included the two convictions he now seeks to challenge in this action. This first federal petition was denied on the merits on September 11, 2001. In this earlier petition, Mr. Loggins raised some claims that are different from the one raised in the Petition now before the court, but also either raised or attempted to raise one that was similar. The court finds that the instant application is a second or successive petition. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 973 (2002).

Under 28 U.S.C. § 2244(b)(3)(A)[3], a second or successive

---

[3] 28 U.S.C. § 2244(a) pertinently provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

Id. Section 2244(b) pertinently provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. Id. Petitioner in this case did not comply with the provisions of § 2244(b)(3)(A), but filed his Petition without obtaining prior authorization from the Tenth Circuit Court of Appeals. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); see United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). This district court may either transfer this action pursuant to 28 U.S.C. § 1631[4] to the Tenth Circuit for prior authorization[5] if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. Cline, 531 F.3d at 1252.

The court finds that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit, and

---

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id.

[4]  Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

[5]  Gonzalez v. Crosby, 545 U.S. 524 (2005)("any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence,")(citing § 2244(b)(2)), and "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Id. (citing § 2244(b)(3)).

that it should be dismissed instead.  The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit.  See Cline, at 1251.

The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith.  See id at 1252.  Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period.  Although petitioner's first application was timely, the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim.  See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000).  In any event, this second and successive habeas application is not an amendment, but a separate action filed over eight years after his first petition was denied.  See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).  Finally, because this case is time-barred[6], the court concludes that transfer of this action would

---

[6] Petitioner filed a Motion for Reconsideration of the denial of his first habeas petition, which was denied on October 5, 2001; and he appealed to the Tenth Circuit Court of Appeals, which denied a certificate of appealability and dismissed the appeal.  In his motion for reconsideration, Mr. Loggins sought a stay while he exhausted additional arguments in state court, apparently including the argument made herein.  However, the district court found, and the Tenth Circuit cited its finding, that "any issues petitioner seeks to exhaust are already foreclosed as untimely under 28 U.S.C. § 2244(d)(1), and petitioner cannot possibly show that he exercised due diligence in raising his claims."  Loggins v.

5

raise "false hopes," and waste judicial resources on a case that is "clearly doomed."  Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

For the foregoing reasons, the court declines to transfer this Petition to the Tenth Circuit for authorization, and finds it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).

**IT IS THEREFORE ORDERED** this petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is construed as a second and successive petition for writ of habeas corpus under § 2254 and is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  This 14th day of April, 2010, at Topeka, Kansas.**

                                                **s/RICHARD D. ROGERS**
                                                **United States District Judge**

---

Hannigan, No. 01-3311, at *6 (10th Cir. Aug. 28, 2002).